2024 IL App (2d) 230483-U
No. 2-23-0483
Order filed January 31, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-2451 |
| HECTOR D. DELGADO, | ) ) | Honorable Salvatore LoPiccolo Jr. |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE KENNEDY delivered the judgment of the court.
Presiding Justice McLaren and Justice Jorgensen concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court did not err in denying defendant pretrial release.

¶ 2    Defendant, Hector D. Delgado, appeals from the denial of his pretrial release under section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)). The Office of the State Appellate Defender declined to file a memorandum pursuant to Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023), and defendant stands on his notice of appeal. For the following reasons, we affirm.

¶ 3    On November 12, 2023, defendant was charged by complaint with two counts of aggravated domestic battery strangulation (720 ILCS 5/12-3.3(a-5) (West 2022)), two counts of aggravated battery to a pregnant person (*id.* § 12-3.05(d)(2) (West 2022)), two counts of domestic battery with prior convictions (*id.* § 12-3.2(a)(1), (2) (West 2022)), unlawful restraint (*id.* § 10-3 (West 2022)), domestic battery (physical contact) (*id.* § 12-3.2(a)(1) (West 2022)), and domestic (battery bodily harm) (*id.* § 12-3.2(a)(2) (West 2022)).

¶ 4    Defendant argues in his timely notice of appeal that the State failed to show by clear and convincing evidence that (1) the proof was evident or presumption great that defendant committed the charged offenses because the State only offered a synopsis and defendant's criminal history as evidence; (2) defendant poses a real and present threat to the safety of any person persons or the community, because the court relied on defendant's criminal history which was close to ten years old or older; and (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community.

¶ 5    In short, defendant perfunctorily challenges all three findings required to deny a defendant pretrial release. 725 ILCS 5/110-6.1(e)(1-3) (West 2022). Defendant declined to file a memorandum, and thus the issues on appeal and arguments in support are limited to the notice of appeal. We therefore review only those issues based on the record presented. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 13.

¶ 6    We review whether the trial court's findings were against the manifest weight of the evidence. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. A finding is against the manifest weight of the evidence when it is unreasonable. *People v. Sims*, 2022 IL App (2d) 200391, ¶ 72. We review the trial court's ultimate decision regarding pretrial release for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13.

¶ 7    To begin, we reject defendant's argument that a synopsis is insufficient to demonstrate that the proof is evident or presumption great that defendant committed the charged offenses. At a pretrial detention hearing, the State is explicitly permitted by the Act to present evidence "by way of proffer based upon reliable information." 725 ILCS 5/110-6.1(f)(2) (West 2022). Indeed, the Act additionally exempts detention hearings from the rules of evidence. *Id.* § 6.1(f)(5). Without explaining why this police synopsis is not "reliable" counsel's notice of appeal simply argues "[t]he State only offered a synopsis as evidence and criminal history." This bare conclusory argument is patently without merit. We remind defense counsel of their responsibility under Rule 3.1 of the Illinois Rules of Professional Conduct of 2010 to refrain from bringing frivolous claims.

¶ 8    As for the synopsis itself, it states that the investigating officer spoke with the victim, defendant's girlfriend. According to the victim, she and defendant left work together in defendant's vehicle. Defendant then began yelling at her. They arrived at her apartment, and she attempted to leave the vehicle, but defendant closed the passenger door to stop her from exiting. Defendant then punched her on the right side of her face. She was eventually able to exit the vehicle and fell down. Defendant climbed on top of her and placed her in a headlock, causing her to be unable to breathe and lose consciousness. She regained consciousness and made her way back to the apartment where her son called 911. She advised the investigating officer that she was pregnant.

¶ 9    The investigating officer observed fresh bruising on the victim's neck along with bruising and redness on the right side of her face.

¶ 10    Defendant returned to the apartment and spoke with the officers. He did not provide a detailed statement, but he did acknowledge that victim was pregnant.

¶ 11    The only evidence presented in contravention of the synopsis was defense counsel's claim that there were marks on defendant's face.

¶ 12    Accordingly, the trial court's finding that the proof was evident or the presumption great that defendant committed the charged offenses was not against the manifest weight of the evidence.

¶ 13    Regarding dangerousness, in addition to the synopsis, the State presented defendant's criminal history which included a 2016 conviction for domestic battery, a 2011 conviction for aggravated domestic battery strangulation, and a 2006 conviction for conspiracy to commit first degree murder. Each of these convictions involved different victims, none of whom were the victim in this case.

¶ 14    Although defendant's criminal history is relatively far removed in time from the instant charges, the allegations in the instant case alone are more than sufficient to show that the defendant posed a threat to the victim in this case. The trial court properly considered the nature and circumstances of the offense charged, the physical condition of the victim, and defendant's criminal history in making its determination of "dangerousness" under the Act. Further, despite the age of defendant's prior convictions, they show a "propensity *** for violent, abusive, or assaultive behavior." 725 ILCS 5/110-6.1(g)(9) (West 2022). Accordingly, the trial court did not err in finding that defendant posed a real and present threat to the safety of victim.

¶ 15    Regarding less restrictive conditions, the State proffered that while defendant and victim did not live together, they both worked together at Amazon. Given the violent and abusive nature of defendant's alleged actions, defendant's history of repeated violent offenses, and the likelihood of defendant and victim encountering each other again, we find that the trial court did not err in finding that no conditions could mitigate the real and present threat defendant posed to the safety of victim.

¶ 16    For these reasons, the trial court did not err in denying defendant pretrial release and we affirm the judgment of the Kane County circuit court.

¶ 17    Affirmed.